

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

MAY 10 2018

ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CROSS CREEK MULTIFAMILY, LLC                                    PLAINTIFF

VS.                                          CIVIL ACTION NO.: 2:18cv 83-KS-MTP

ICI CONSTRUCTION, INC., and
HARTFORD FIRE INSURANCE COMPANY                               DEFENDANTS

<u>COMPLAINT</u>

(JURY TRIAL DEMANDED)

COMES NOW, Plaintiff, Cross Creek Multifamily, LLC, ("Cross Creek"),
through undersigned counsel, and files its Complaint against Defendants, ICI
Construction, Inc. ("ICI") and Hartford Fire Insurance Company ("Hartford")
(collectively "Defendants"), and would show unto the Court the following to-wit:

## I. <u>Nature of Civil Action</u>

1.      This civil action arises out of Defendant, ICI Construction, Inc.'s
breaches of a construction contract entered into with Plaintiff, Cross Creek
Multifamily, LLC, for the construction of the Cross Creek Village Apartment
Complex. This civil action also arises out of the failure of Defendant, Hartford Fire
Insurance Company, to honor its obligations under a Performance Bond that ICI, as
principal, and Hartford, as surety, executed in favor of Cross Creek, as owner, for
assurance of the due and timely performance of the contract.

2.      Plaintiff seeks all general, specific and consequential damages,
declaratory relief, attorneys' fees, pre and post judgment interest, and all damages

671415                                      1

to which it is entitled for ICI's breach of the Construction Contract and Hartford's failure to honor the Performance Bond as more particularly set forth below.

## II. Parties

3.      Plaintiff, Cross Creek Multifamily, LLC, is a limited liability company organized and existing under the laws of the State of Mississippi and maintaining its principal business address at 112 Sheffield Loop, Suite D, Hattiesburg, Mississippi 39402. The members of Cross Creek Multifamily LLC are residents of Mississippi and Florida.

4.      Defendant, Hartford Fire Insurance Company, is a corporation organized and existing under the laws of the State of Connecticut.  Hartford maintains its principal offices at One Hartford Plaza, Hartford, Connecticut 06155. Hartford is licensed with the Mississippi Insurance Commissioner to issue surety bonds to construction contractors for work performed in Mississippi, and Hartford does issue such bonds in the state of Mississippi.  Hartford is subject to the process of this Court by service upon its registered agent, C.T. Corporation System of Mississippi, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

5.      Defendant, ICI Construction, Inc., is a Texas corporation authorized to do and doing business in the state of Mississippi.  ICI maintains its principal offices at 5057 Keller Springs Rd, Suite 200, Addison, Texas 75001.  ICI is subject to the process of this Court by service upon its registered agent, Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, Mississippi, 39211.

671415                                    2

### III. Jurisdiction and Venue

6.      This Court has federal diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the jurisdictional amount is satisfied.   This Court has personal jurisdiction over all parties.   Venue is proper in the United States District Court for the Southern District of Mississippi, Eastern Division pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or admissions given rise to this civil action occurred within this district and division.

### IV. Facts

7.      In October of 2014, Cross Creek Multifamily, LLC entered into a Construction Contract with ICI Construction, Inc.  See, Exhibit "A" attached hereto and incorporated by reference.  Article 2 of the Construction Contract identifies the "Construction Documents" which are fully incorporated into the Construction Contract. Exhibit "A" at p. 2.

8.      The Construction Contract concerns the construction of the Cross Creek Village Apartments, a 228 unit apartment complex consisting of 9 separate apartment buildings, a club house and other real property improvements as amenities.

9.      The Construction Contract was a Cost Plus Contract with a not to exceed limit of $21,185,666.00.   The Construction Contract required that ICI provide a Performance Bond to Cross Creek in an amount equal to $21,185,666.00. A Performance Bond was issued by Hartford Fire Insurance Company, as surety, in

favor of Cross Creek Multifamily, LLC, as owner.  A copy of the Performance Bond is attached hereto as Exhibit "B" and incorporated by referenced.

10.     Hartford and ICI executed and delivered to Cross Creek Multifamily, LLC the Performance Bond – Dual Obligee, Number 61 BCS GU 7919, on the Cross Creek Village Apartment, FHA project number 065-35722, naming ICI as contractor/principal, Hartford, as surety, and Cross Creek as owner/obligee in the amount of $21,185,666.00 for the purpose of securing the performance of the Construction Contract.  Pursuant to the terms of the Performance Bond, ICI and Hartford, jointly and severally, bound themselves to Cross Creek for the performance of the contract.

11.     The Performance Bond specifically provides:

> Contractor and Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns, to Owner and to Lender, its successor and assigns, as their respective interest appear, as Obligees, in the sum of Twenty One Million One Hundred Eighty Five Thousand Six Hundred Sixty Six and No/100 Dollars ($21,185,666.00), for the performance of the Contract. Any improved increase in the total Contract price shall increase the obligation of Obligors accordingly.

> See, Exhibit "B" at p. 2.

12.     The Construction Contract was expressly made a part of the Performance Bond by reference.  See, Exhibit "B" at p. 2.  Any obligations of ICI are also the obligations of Hartford.

13.     Pursuant to the Construction Contract, ICI was required to perform the Work, as that term is defined in the construction documents, in accordance with the Construction Documents.  See, Exhibit "A" at p. 11 and General Contractors.

671415                                      4

Further, ICI was not relieved of its obligation to perform the work in accordance with the contract documents either by activities or duties of the architect or by tests, inspections, or approvals required or performed by persons or entities other than the contractor. *Id.* ICI was also responsible for inspecting portions of the work already performed to determine that such portions are in proper condition to receive subsequent work. *Id.* Pursuant to the contract documents, ICI warranted that the work will conform to the requirements of the contract documents and will be free from defects, except for those inherent in the quality of the work the contract documents require or permit. Exhibit "A" at p. 13 and General Contractors. ICI was obligated to employ a competent superintendent and necessary assistants to be in attendance at the project site during performance of the work. Exhibit "A" at p. 13 and General Contractors.

14.     After execution of the Construction Contract, ICI commenced work on the project.    Throughout the course of construction, the project experienced frequent, sudden, and abrupt turnover of project managers, superintendents and foremen that were assigned to supervise the work performed by ICI and its subcontractors.   Supervisory personnel would leave the job with no notification to Cross Creek whatsoever by ICI.   There was no overlap of time of service of the supervisory personnel that would have provided for a smooth transition of supervisory responsibilities which resulted in inadequate continuity of supervision over the construction project by ICI.

15.     In Article 3 of the Construction Contract, the Project Substantial Complete Deadline was established as March 30, 2016. See, Exhibit "A". However,

671415                                               5

the Certificate of Substantial Completion was not actually issued until September 22, 2016. See, Exhibit "C". As such, the project suffered almost six full months in delays.

16.     As the project was in its final stages, a punch list/warranty log was created and numerous items were brought to ICI's attention. Although a number of the punch list items were remedied, several warranty log items remained unresolved.

17.     In addition to these unresolved warranty log items, Cross Creek discovered significant latent and hidden construction defects and deficiencies resulting from ICI failing to follow the project plans and specifications. These latent and hidden defects and deficiencies were uncovered through Cross Creek's investigation of the unresolved items identified on the warranty log. These construction defects and deficiencies, both unresolved warranty log items and latent and hidden defects and deficiencies, constitute material breaches of ICI's obligations under the Construction Contract.

18.     In October of 2017, Cross Creek requested RodCo, LLC, to inspect the project and prepare a report concerning the unresolved warranty log items. The RodCo, LLC inspection report, dated November 1, 2017, has been provided to Defendants.

19.     As set forth in the RodCo, LLC report, the construction defects and deficiencies concerned cracking brick columns, cracking sports court, defective masonry work, garages taking on water and collapse of the storm drains.[1]

---

[1] Items numbered 3, 6, 7 and 9 in the RodCo, LLC report have been resolved by ICI.

671415                                                  6

20.     In connection with Cross Creek's investigation into these construction deficiencies, Clearpoint Consulting Engineers, P.A. inspected the as built condition of the garage structures on the project to determine the cause of rainwater intrusion. The  Clearpoint Engineer P.A. report, dated October 12, 2017, issued by Ronnie T. Blackwell, P.E., P.L.S., previously provided to Defendants, concluded that the primary cause of the water infiltration was due to ICI's failure to construct any of the garage foundation slabs in accordance with the project plans and specifications.

21.     On November 9, 2017, Kelli Merbach, the project structural engineer, inspected the Cross Creek development with regard to the cracking brick columns. Ms. Merbach prepared a report, dated November 17, 2017, wherein she described numerous construction defects, construction deficiencies, and the failure of the project to be constructed in accordance with the plans and specifications. Ms. Merbach's report, previously provided to Defendants, details the failures of ICI with regard to the depths of foundation footings and cracking patio brick columns.

22.     On January 8, 2018, Fred D. Pucciano, AIA, the architect of record for the Cross Creek Village project, inspected the Cross Creek development with regard to the unresolved warranty log items and other uncovered construction defects and deficiencies and issued a report dated January 10, 2018, which has been provided to Defendants.    Mr. Pucciano documents ICI's failure to follow the plans and specifications as mandated by the contract documents.  Specifically, Mr. Pucciano provides that ICI, "without question ... did not construct the decks per the plans." Mr. Pucciano explained that this failure by ICI is causing damage to the structural

integrity of the buildings.   Mr. Pucciano further documents the defects and deficiencies with the masonry work, flashing and other issues.

23.   On January 15, 2018 to January 17, 2018, Moisture Intrusion Solutions (MIS) conducted a forensic investigation of Cross Creek Village Apartments concerning the water intrusion issues.   The testing provided by MIS found a 100% failure rate at each test location.   According to MIS, the defects in construction were systemic throughout the entire projects.   The MIS report details the construction defects and deficiencies with regard to the masonry work, flashing and finishing and the weather resistant barrier ("WRB") among other issues.   The MIS Reporthas been provided to Defendants.

24.   According to MIS, flood testing resulted in water draining into the air space of the brick veneer due to the improper construction of the brick veneer, flashing, T-bar, WRB and other defects as more particularly set forth in the report. MIS found that the plans and specifications were not followed in several details. The perforated WRB installed by ICI did not meet the requirements of the plans and specifications nor was it installed following the manufacturers' guidelines.   At every test location, MIS found disconnects within the WRB, adding to the moisture that penetrates the improperly installed perforated WRB.   MIS report further details construction defects and deficiencies within the brick cladding system, flashing, balcony T-bar and other building components.

25.   ICI was timely made aware of these construction defects and deficiencies through numerous communications by representatives of Cross Creek.

On December 19, 2017, an ICI representative was on site to inspect and observe the construction defects and deficiencies set forth above.

26.    All of the above referenced professional reports were provided to ICI and Hartford and are incorporated herein by reference.   To date, no corrective action plan or effort to remedy or remediate the construction defects and deficiencies set forth in the professional reports have been proposed or provided by ICI or Hartford.

27.    In addition to the items set forth in the professional reports information has been provided to ICI and Hartford concerning the following failures of ICI to follow project plans and specifications:

 a.    No stone cap or sloped row lock as provided by plans and specifications;

 b.    Patio columns missing structural strap, steel lintel and improper use of speed arch;

 c.    Wrong house wrap installed and no felt installed;

 d.    Vinyl flooring manufacturer's warranty voided by conduct of the general contractor;

 e.    Second and third floor windows not installed with safety stops required by code;

 f.    Balcony slide doors improperly installed;

 g.    Water heaters improperly installed;

 h.    Washing machine pans not installed;

 i.    The catastrophic failure of the storm drain system with twelve documented failure points and four future failure locations identified along with the failure to install correctly;

j.    Drain for the water heater pan is emptied into washing machine outlet box without proper installation or materials, all in conflict with the plans and specifications (P1.02);

k.    HVAC condensate drain piping not constructed according to plans and specifications (P1.02);

l.    Unit #8108 condensate vent was relocated for the HVAC drain causing periodic water backup; and

m.    Handicap apartment units 1105, 2105, 4105, 9105, 3104, 6110, 6104, 7107, 5102, 5104 and 8105 are not fitted with appropriate handicap compliant fixtures and accessories as per project plans and specifications.

28.    Plaintiff has performed all terms, covenants and conditions required under the Construction Contract, Construction Documents and Performance Bond.

29.    Due notice of breach of the terms of the Construction Contract were given to ICI and Hartford by Plaintiff, and formal demand was made on Defendants to remedy the breaches. Defendants have failed and refused to honor Plaintiff's demands. Plaintiff made formal demand on Hartford in accordance with the terms and conditions of the Performance Bond triggering, as surety under the Performance Bond, Hartford's obligation to immediately commence performance of the contract under the terms of its bond and remedy the material breaches of ICI's contractual obligations.

30.    ICI and Hartford, have breached express warranties under the contract documents and their obligations under the bond. ICI and Hartford have failed to perform the construction contract in accordance with the plans and specifications as required by the contract documents. ICI and Hartford's failure to perform the  their contractual obligations has proximately caused Cross Creek to

671415                                          10

suffer damages. The construction defects and deficiencies outlined above and others to be shown at trial, by ICI and Hartford, constitute breaches of their respective contractual obligations, breaches of expressed and implied warranties, and other statutory and common law duties owed to Cross Creek. ICI and Hartford were obligated to insure that the construction of the project was done in such a manner as to meet the generally accepted standards of workmanship in the construction industry in Mississippi and to assure that the construction defects and deficiencies enumerated above would not occur. As such, ICI and Hartford are jointly and severally liable to Plaintiff for its injuries and damages as set forth herein.

## V. Breach of Contract as to ICI Construction, Inc.

31.     Plaintiff incorporates by reference and reasserts the allegations in the preceding paragraphs of the Complaint.

32.     The construction defects and deficiencies set forth in this Complaint and the professional reports, incorporated herein by reference, constitute a material breach of Construction Contract by ICI. ICI has breached and failed to perform pursuant to the terms and provisions of the Construction Contract, Construction Documents and Performance Bond.

33.     Cross Creek has performed all its obligations and duties under the Construction Contract, Contract Documents and Performance Bond.

34.     ICI is liable to Cross Creek in an amount to be shown at trial for damages, in excess of the jurisdictional requirements of this Court, consisting of the cost to repair un-remedied construction defects and deficiencies and to cause the

project to be completed in conformance with the plans and specifications provided in the Contract Documents.

35.    ICI is liable to Cross Creek for all actual, compensatory, incidental and consequential damages which directly and proximately resulted from ICI's breach of contract.

### VI.   Breach of Contract as to Hartford Fire Insurance Company

36.    Plaintiff incorporates by reference and reasserts the allegations in the preceding paragraphs of the Complaint.

37.    The construction defects and deficiencies set forth in this Complaint and the professional reports, incorporated herein by reference, constitute a material breach of contract by Hartford.   Hartford has breached and failed to perform pursuant to the terms and provisions of the Construction Contract, Construction Documents and Performance Bond.

38.    Cross Creek has performed all its obligations and duties under the Construction Contract, Contract Documents and Performance Bond.

39.    Hartford is liable to Cross Creek in an amount to be shown at trial for damages, in excess of the jurisdictional requirements of this Court, consisting of the cost to repair un-remedied construction defects and deficiencies and to cause the project to be completed in conformance with the plans and specifications provided in the Contract Documents.

40.    Hartford is liable to Cross Creek for all actual, compensatory, incidental and consequential damages which directly and proximately resulted from Hartford's breach of contract.

671415                                                    12

41.    Hartford, by virtue of agreeing to be jointly and severally liable with ICI for ICI's non-performance under the contract, has obligated itself to also be liable under the bond for ICI's breach of contract.

### VII.   Breach of Express Warranty as to ICI Construction, Inc.

42.    Plaintiff incorporates by reference and reasserts the allegations in the preceding paragraphs of the Complaint.

43.    The construction defects and deficiencies enumerated in this Complaint and the professional reports,  incorporated herein by reference, constitute a breach by ICI of express warranties under the Construction Contract, Contract Documents and Performance Bond including but not limited to:

 a.    warranty to perform the Work in a workmanlike manner, free of defects and workmanship and in accordance with the terms, conditions and specifications set forth in the Construction Contract and Contract Documents;

 b.    warranty to supply personnel with the requisites experience, skills, knowledge, training and education to perform the work in a professional manner and in accordance with the Construction Contract and Contract Documents; and

 c.    warranty to use due diligence to begin and complete the scope of work in the manner specified in the Construction Contract and Contract Documents.

44.    ICI is liable to Cross Creek for all actual, compensatory, incidental and consequential damages which directly and proximately resulted from ICI's breach of express warranty.

### VIII.   Breach of Express Warranty as to Hartford Fire Insurance Company

45.    Plaintiff incorporates by reference and reasserts the allegations in the preceding paragraphs of the Complaint.

46.    The construction defects and deficiencies enumerated in this Complaint and the professional reports, incorporated herein by reference, constitute a breach by Hartford of express warranties under the Construction Contract, Contract Documents and Performance Bond including but not limited to:

a.    warranty to perform the Work in a workmanlike manner, free of defects and workmanship and in accordance with the terms, conditions and specifications set forth in the Construction Contract and Contract Documents;

b.    warranty to supply personnel with the requisites experience, skills, knowledge, training and education to perform the work in a professional manner and in accordance with the Construction Contract and Contract Documents;

c.    warranty to use due diligence to begin and complete the scope of work in the manner specified in the Construction Contract and Contract Documents; and

47.    Hartford is liable to Cross Creek for all actual, compensatory, incidental and consequential damages which directly and proximately resulted from Hartford's breach of express warranty.

48.    Hartford, by virtue of agreeing to be jointly and severally liable with ICI for ICI's non-performance under the contract, has obligated itself to also be liable under the bond for ICI's breach of express warranty.

### IX.   Breach of Implied Warranty as to ICI Construction, Inc.

49.    Plaintiff incorporates by reference and reasserts the allegations in the preceding paragraphs of the Complaint.

50.    The defects enumerated in this Complaint and the professional reports constitute a breach by ICI of the implied warranty of good workmanship, the implied warranty of fitness, the implied warranty of fitness for a particular

671415                                           14

purpose and the implied warranty of good faith and fair dealing.  ICI failed to use the existing skill, knowledge and technology prevailing the construction industry in the performance of the work, its obligations under the Construction Contract and Contract Documents, and failed to complete the Work under the Construction Contract and Contract Documents in a workmanlike manner.  These breaches of implied warranties have caused Plaintiff damages.

51.    ICI is liable to Cross Creek for all actual, compensatory, incidental and consequential damages which directly and proximately resulted from ICI's breach of implied warranty.

## X.  Breach of Implied Warranty as to Hartford Fire Insurance Company

52.    Plaintiff incorporates by reference and reasserts the allegations in the preceding paragraphs of the Complaint.

53.    The defects enumerated in this Complaint and the  professional reports constitute a breach by Hartford of the implied warranty of good workmanship, the implied warranty of fitness, the implied warranty of fitness for a particular purpose and the implied warranty of good faith and fair dealing.  ICI failed to use the existing skill, knowledge and technology prevailing the construction industry in the performance of the work, its obligations under the Construction Contract and Contract Documents, and failed to complete the Work under the Construction Contract and Contract Documents in a workmanlike manner.  These breaches of implied warranties have caused Plaintiff damages.

671415                                                    15

54.   Hartford is liable to Cross Creek for all actual, compensatory, incidental and consequential damages which directly and proximately resulted from Hartford's breach of implied warranty.

55.   Hartford, by virtue of agreeing to be jointly and severally liable with ICI for ICI's non-performance under the contract, has obligated itself to also be liable under the bond for ICI's breach of implied warranty.

## XI.  Specific Performance

56.   Plaintiff incorporates by reference and reasserts the allegations in the preceding paragraphs of the Complaint.

57.   The construction defects and deficiencies set forth in this Complaint and the professional reports incorporated herein by reference constitute a material breach of the Construction Contract by the Defendants. Defendants have breached and failed to perform pursuant to the terms and provisions of the Construction Contract, Construction Documents and Performance Bond.

58.   Cross Creek has performed all of its obligations and duties under the Construction Contract, Contract Documents and Performance Bond.

59.   Defendants have failed and refused to perform Defendants' obligations under the Construction Contract, Contract Documents and Performance Bond and have failed to repair and correct the construction defects and deficiencies set forth in this Complaint and the attached professional reports.

60.   The Construction Contract, Contract Documents and Performance Bond are valid, enforceable and supported by adequate consideration.

61.     In the alternative to legal damages, Plaintiff seeks specific performance of the terms, conditions and provisions of the Construction Contract, Contract Documents and Performance Bond, and that Defendants be required to repair and correct the construction defects and deficiencies set forth in this Complaint and the attached professional reports.

62.     Plaintiff seeks a Judicial Decree for specific performance of the Construction Contract, Contract Documents and Performance Bond to remedy the construction defects and deficiencies set forth in this Complaint.

## XII. Negligence

63.     Plaintiff incorporates by reference and reasserts the allegations in the preceding paragraphs of the Complaint.

64.     ICI owed Plaintiff a duty to construct the Cross Creek Village Apartments in a workmanlike manner using the care, skill and diligence of a reasonable general contractor.  ICI has breached its duty of reasonable care owed to Plaintiff.

65.     The defects, deficiencies, nonconformities and failures enumerated herein are the result of ICI's negligent performance and/or non-performance of its obligations under the Construction Contract and Contract Documents.   The negligent construction of the project is solely attributable to ICI as the general contractor.   The negligence of ICI is a proximate cause of Plaintiff's damages. Hartford, by virtue of agreeing to be jointly and severally liable with ICI for ICI's non-performance under the contract, has obligated itself to also be liable for ICI's negligence.

66.     Defendants are liable to Cross Creek for all actual, compensatory, incidental and consequential damages which directly and proximately resulted from ICI's negligence.

WHEREFORE, PREMISES CONSIDERED, Cross Creek Multifamily, LLC hereby prays for entry of judgment in its favor and against Defendants as follows:

1.      That Defendants be held jointly and severally liable and that Cross Creek be awarded monetary damages in an amount exceeding the jurisdictional requirement of this Court, for all injuries and/or damages that Cross Creek has and/or will suffer that are proximately caused by the negligent, incomplete and/or defective construction of the Cross Creek Village Apartments.

2.      That Defendants be held jointly and severally liable and that Cross Creek be awarded monetary damages in an amount exceeding the jurisdictional requirement of this Court, for all injuries and/or damages that Cross Creek has or will suffer that are proximately caused by Defendants' negligence, breach of express warranties, breach of implied warranties, breach of contract and breach of performance bond including attorneys' fees, expert witness fees and other legal expenses incurred in connection with this litigation and Cross Creek's pre-suit investigation.

3.      In the alternative, that this Court enter a Judgment for Specific Performance mandating that Defendants perform all obligations under the Construction Contract, Contract Documents and Performance Bond.

4.      That Cross Creek be awarded costs of this civil action.

5.    That Cross Creek be awarded prejudgment and post-judgment interest.

6.    That Cross Creek be awarded any other relief allowed by law.

This the 10th day of May, 2018.

RESPECTFULLY SUBMITTED,

CROSS CREEK MULTIFAMILY, LLC

BY:_____
William A. Whitehead, Jr., MSB No. 10152

William A. Whitehead, Jr., MSB No. 10152
Andrew Hatten, MSB No. 105066
BRYAN NELSON P.A.
P.O. Box 18109
Hattiesburg, Mississippi 39404-8109
T: (601) 261-4100
F: (601) 261-4106
E: wwhitehead@bnlawfirm.com