# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CROSS CREEK MULTIFAMILY, LLC**                                     **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 2:18-cv-83-KS-MTP**

**ICI CONSTRUCTION, INC. and**
**HARTFORD FIRE INSURANCE COMPANY**                             **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Leave to File Amended Complaint [253] and the Motion to Intervene [265] filed by Pucciano & Associates, P.C. Having considered the parties' submissions and the applicable law, the Court finds that the Motion to Intervene should be denied and the Motion for Leave to File Amended Complaint [253] should be granted.

## BACKGROUND

On May 10, 2018, Plaintiff filed this action against Defendants ICI Construction, Inc. and its surety, Hartford Fire Insurance Company, asserting multiple claims arising from alleged construction defects in an apartment complex constructed by ICI Construction and owned by Plaintiff. Thereafter, ICI Construction asserted third-party claims against multiple subcontractors that performed work on the apartment complex, including All American Builders, Inc., Burris Contracting, LLC, Perren Masonry, LLC, RJM McQueen Contracting, Inc., Warner Construction Co. of MS, LLC, and Kimbel Mechanical Systems, Inc. ICI Construction asserts that the subcontractors are responsible for the alleged defects.

On October 24, 2018, the Court entered a Case Management Order [39], which required the parties to file motions to amend or add parties by November 26, 2018. On August 16, 2019,

1

Plaintiff filed a Motion to Amend [253], seeking to add as a defendant Pucciano & Associates, P.C. ("Pucciano"), the architectural firm for the apartment complex. According to Plaintiff, recent discovery caused it to determine that Pucciano is at least partially responsible for the alleged construction defects.

Defendants ICI Construction and Hartford do not oppose the Motion to Amend [253]. The Third-Party Defendants are split, with Perren Masonry, LLC and Burris Contracting, LLC not opposing the Motion and RJM McQueen Contracting, Inc. and Kimbel Mechanical Systems, Inc. opposing the Motion.[1] Additionally, Pucciano filed a Motion [265], requesting that the Court allow it to intervene in this action for the limited purpose of objecting to the Motion to Amend [253].

**ANALYSIS**

*Motion to Intervene [265]*

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention of right pursuant to Rule 24(a) and permissive intervention pursuant to Rule 24(b). Rule 24(a) provides as follows:

> On timely motion, the court must permit anyone to intervene who:
>
> …
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

---

[1] Third-party Defendants All American Builders, Inc. and Warner Construction Co. of MS, LLC apparently do not oppose the Motion, as neither filed a response. "If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed." L.U. Civ. R 7(b)(3)(E).

Fed. R. Civ. P. 24(a)(2). The Fifth Circuit has stated that to intervene of right a movant must establish the following:

> (1) The application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Taylor Commc'ns Grp., Inc. v. Southwestern Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999). A movant's "[f]ailure to meet any one of these requirements is fatal to a claim of intervention as of right." *Id.*

In its Response [294], Plaintiff argues that Pucciano may not intervene of right because it has failed to satisfy the last three prongs. Starting at the last two prongs, the Court finds that Pucciano has failed to demonstrate that the disposition of the Motion to Amend [253] will impair Pucciano's ability to protect its interests and has failed to demonstrate that its interests are inadequately represented by the existing parties. Third-Party Defendant McQueen has filed a Response [282] opposing the Motion to Amend [253]. A review of McQueen's Response [282], as compared with Pucciano's proposed response in opposition [265-1], reveals that the arguments made by McQueen and Pucciano are largely identical. The Court has reviewed and considered Pucciano's arguments, and they would not affect the Court's ruling on the Motion to Amend [253]. Thus, the Court will deny Pucciano's request to intervene of right.

As for permissive intervention, Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who: … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Even if the requirements of Rule

(24)(b)(1)(B) are met, permissive intervention is wholly discretionary with the court. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir. 1984). In exercising its discretion, the Court finds that permissive intervention should be denied. As previously mentioned, even if the Court were to allow Pucciano to intervene, it would not affect the Court's ruling on the Motion to Amend [253].

***Motion for Leave to File Amended Complaint [253]***

Federal Rule of Civil Procedure 16(b) governs amendments of pleadings after a scheduling order deadline has expired. *S&W Enterprises v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). Once a scheduling order has been entered, "it may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enterprises*, 315 F.3d at 536.[2] In determining whether good cause exists, courts should consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (citations and brackets omitted).

If the moving party establishes good cause to modify the scheduling order, the court decides whether to grant leave to file the amended pleading under Rule 15(a). Rule 15(a)(2) dictates that courts should "freely give leave [to amend] when justice so requires." This language "'evinces a bias in favor of granting leave to amend.'" *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th

---

[2] Federal Rule of Civil Procedure 15(a)(2) states that courts should "freely give leave [to amend] when justice so requires."

4

Cir. 2002)). The Supreme Court delineates five factors for a court to consider when deciding whether leave to amend a complaint should be granted: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Rozenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In support of its Motion to Amend [253], Plaintiff provided a report produced by Pucciano on January 10, 2018. *See* Pucciano Report [253-2]. In the report, Pucciano states that the failure of the general contractor and subcontractors to construct parts of the apartment complex according to the plans caused water intrusion. *Id*. The report specifically mentions that a consultant engineer noted the failure to "include the sloped rowlock brick called for on the drawings . . . ." *Id*. According to Plaintiff, it relied on Pucciano's report as a basis for its claims against Defendants.

On August 7, 2019, the parties deposed Fred Pucciano, who testified that he was aware of and allowed the elimination of the "rowlock." According to Plaintiff, it was unaware that Pucciano allowed this deviation from the specifications until Fred Pucciano's deposition. Plaintiff asserts that no document in its possession or produced by any party shows that Plaintiff was notified of this deviation.

Courts have held that information learned during discovery may constitute good cause to amend under Rule 16. *See*, *e.g.*, *Udoewa v. Plus4 Credit Union*, 2010 WL 1169963, at **2-3 (S.D. Tex. Mar. 23, 2010) (granting leave to amend to add claim based on deposition testimony). In its Response [282], Third-Party Defendant RJM-McQueen Contracting, Inc. ("McQueen") argues that Plaintiff cannot justify the delay in bringing claims against Pucciano. McQueen asserts that Plaintiff was aware of the issues caused by the lack of rowlock bricks even before

this action was filed. McQueen points out that the missing rowlock bricks were identified as a cause for water intrusion in Pucciano's report. McQueen also cites to correspondence between Plaintiff, Pucciano, and ICI Construction. *See* Correspondence [280-7]. The correspondence shows that on January 6, 2016, Plaintiff informed Pucciano that ICI Construction had not provided "a slope to any brick course that was not laid in chain walls (vertical)." *Id*. Pucciano responded by directing ICI Construction to "[p]rovide slope on top of brick termination in order to prevent water intrusion . . . ." *Id*.

McQueen also argues that Plaintiff was made aware of Pucciano's responsibility concerning the missing rowlock brick when ICI Construction served Robert Luke's initial and supplemental expert reports, which were completed on February 13, 2019 and July 11, 2019, respectively.[3] In his initial report, Luke stated that Pucciano "breached the standard of care in the design and construction administration relating to the project." *See* Luke Initial Report [280-5] at 3. In his supplemental report, Luke stated that Pucciano was eighty-eight percent at fault for the missing rowlock. *See* Luke Supplemental Report [280-4] at 5. Luke's report, however, focuses on the alleged flaws on Pucciano's plans and does not mention that Pucciano allowed the elimination of the rowlock bricks.[4]

---

[3] McQueen does not state when these reports were produced to Plaintiff, but for purposes of this inquiry, the Court will assume the reports were produced to Plaintiff shortly after their completion.

[4] Luke specifically states as follows:

> <u>Missing brick rowlock</u> - The architectural elevations appear to be concise and coordinated, however they are two-dimensional (2D) drawings representing a three-dimensional (3D) structure. The brick detailing which is representative of the brick in several different orientations does not account for the change in elevation necessary to allow for proper drainage without conflict with the installation of the rowlock as detailed.

*See* [280-4] at 2.

6

McQueen also points out that Johnny Perren of Perren Masonry, LLC, testified that he was given approval to eliminate the rowlock bricks. Johnny Perren, however, testified that ICI Construction gave him this approval, not Pucciano. *See* Perren Deposition [280-6] at 78. Although McQueen has demonstrated that Plaintiff has been aware of the alleged problems concerning the missing rowlock bricks for some time, none of the evidence cited by McQueen demonstrates that Plaintiff was aware that Pucciano allowed the elimination of the rowlock bricks.

McQueen argues that Plaintiff should have diligently investigated its own claims and learned earlier that Pucciano allowed this deviation. Perhaps Plaintiff could have acted more diligently in learning the facts known to Pucciano. The Court, however, notes that Pucciano's January 10, 2018 report does not indicate the Pucciano had any involvement with the elimination of the rowlock bricks and Plaintiff deposed Fred Pucciano on August 7, 2019, more than a month before the discovery deadline.

Concerning the other good-cause factors set forth in *S&W Enterprises*, McQueen argues that the proposed amendment is "not overly important" as Plaintiff can bring a separate action and that the amendment would prejudice McQueen—a subcontractor not involved in the construction of the brick columns—by delaying this action and requiring the parties to repeat much of their discovery efforts. On the other hand, Plaintiff argues that allowing this amendment will allow the parties to seek complete relief in a single cause of action and avoid duplicative litigation.

Having considered the appropriate factors, the Court finds that Plaintiff has satisfied the good cause standard under Rule 16(b). McQueen also argues that Plaintiff should not be granted

leave to amend pursuant to Rule 15(a). The proposed pleading would be Plaintiff's first amended complaint, and the record before the Court does not reveal undue delay or bad faith on the part of Plaintiff. No party argues that the amendment would be futile. Although McQueen and the other parties may suffer some prejudice, that Court finds that the Rule 15(a) factors, on the whole, weigh in favor of granting the Motion to Amend [253].

In its Motion to Amend [253], Plaintiff also requests that the Court extend the case deadlines and continue the trial of this matter. Having found that Plaintiff should be allowed to add a defendant, the Court finds that extensions of the case deadlines and a continuance of the trial are necessary. At the appropriate time, the Court will conduct a scheduling conference with the parties and address case deadlines and a trial setting.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for Leave to File Amended Complaint [253] is GRANTED.

2. Plaintiff shall file its amended complaint in the form attached to the Motion [253] on or before September 27, 2019 and shall promptly proceed with service of process.

3. The Motion to Intervene [265] filed by Pucciano & Associates, P.C. is DENIED.

SO ORDERED this the 23rd day of September, 2019.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE