IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CROSS CREEK MULTIFAMILY, LLC**                                    **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 2:18-cv-83-KS-MTP**

**ICI CONSTRUCTION, INC. and**
**HARTFORD FIRE INSURANCE COMPANY**                          **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on the Motion to Strike [455] filed by Third-Party Defendant Perren Masonry, LLC. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion should be granted.

## BACKGROUND

On May 10, 2018, Plaintiff Cross Creek Multifamily, LLC filed this action against Defendants ICI Constructions, Inc. and its surety, Hartford Fire Insurance Company, asserting multiple claims arising from alleged construction defects in an apartment complex constructed by ICI Construction and owned by Plaintiff. Thereafter, ICI Construction asserted third-party claims against multiple subcontractors that performed work on the apartment complex, including Perren Masonry, LLC, All American Builders, Inc., Burris Contracting, LLC, RJM McQueen Contracting, Inc., Warner Construction Co. of MS, LLC, and Kimbel Mechanical Systems, Inc. ICI Construction asserts that the subcontractors are responsible for the alleged defects.

On October 24, 2018, the Court entered a Case Management Order [39], which, *inter alia*, set a May 1, 2019 deadline for Plaintiff's expert designations and set an August 15, 2019 discovery deadline. On April 4, 2019, Plaintiff filed a Motion for Extensions [128]. The Court granted the Motion [128] and extended Plaintiff's expert designation deadline to May 31, 2019

and extended the discovery deadline to September 2, 2019. *See* Order [130]. On June 26, 2019, Defendant ICI Construction filed a Motion for Extensions [197], and the Court extended the discovery deadline to September 16, 2019. *See* Order [199].

On August 16, 2019, after more than nine months of discovery, Plaintiff filed a Motion to Amend [253], seeking to add as a defendant Pucciano & Associates, P.C., the architectural firm for the apartment complex. On September 23, 2019, the Court granted the Motion [253]. On November 8, 2019, after Pucciano was added as a defendant, the Court conducted a scheduling conference and entered an Amended Case Management Order [322], which, *inter alia*, set a January 17, 2020 deadline for Plaintiff's expert designations and set a May 1, 2020 discovery deadline.

On June 12, 2020—more than a month after the discovery deadline—Plaintiff served its Eleventh Supplemental Disclosures. *See* Notice [416]; Disclosures [455-1]. Thereafter, on June 17, 2020, Plaintiff served its Third Supplemental Designation of Expert Witnesses. *See* Notice [450]; Designation [455-2]. Plaintiff's supplemental disclosures included several photographs of the apartment complex, and the expert's supplemental report states as follows: "I have reviewed twenty-one photographs dated May 29, 2020 as well as additional photographs dated June 2 & 3, 2020. The photographs further illustrate failure of the masonry on the exterior walls of Cross Creek Village and that moisture has entered the building resulting in additional damage to the structures."

On June 23, 2020, Defendant Perren Masonry filed its Motion to Strike [155], arguing that Plaintiff's Eleventh Supplemental Disclosures and Third Supplemental Designation of Expert Witnesses should be stricken as untimely.

**ANALYSIS**

As part of the initial disclosures, a party must, without awaiting a discovery request, provide to the other parties a copy or description of information it may use to support its claims or defenses. *See* Fed. R. Civ. P 26(a)(1)(A)(ii).  In this case, Plaintiff was required to serve its initial disclosures by October 17, 2018. *See* Order [20].  Additionally, "[a] party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).  Local Rule 26 provides that a "party must make full and complete disclosures as required by Fed. R. Civ. P. 26(a) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order." L.U. Civ. R. 26(a)(2).  Plaintiff's expert designation deadline ran on January 17, 2020. *See* Order [322].

Parties, however, must supplement their disclosures when required under Fed. R. Civ. P. 26(e).  Pursuant to the Local Rules, "[a] party is under a duty to supplement disclosures at appropriate intervals under Fed. R. Civ. P. 26(e) and in no event later that the discovery deadline established by the case management order." L.U. Civ. R. 26(a)(5).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  To determine whether to exclude evidence which was not properly or timely disclosed, the Court considers the following factors: (1) the explanation for the failure to disclose the evidence; (2) the importance of the evidence; (3) potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure such prejudice. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *City of Hattiesburg v.*

*Hercules, Inc.*, 2016 WL 1090610, at *1 (S.D. Miss. Mar. 18, 2016) (citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)).

The Court will first address Plaintiff's explanation for its failure to timely supplement its disclosures and expert designation. Plaintiff points out that on May 15, 2020, Perren Masonry filed a Motion [388], seeking to exclude the testimony of Fred Pucciano because, *inter alia*, he was unable to locate a specific photograph depicting stair stepping cracks during his deposition. Thereafter, Plaintiff had its maintenance supervisor inspect the masonry work and document cracks. According to Plaintiff, the maintenance supervisor discovered that new cracks had developed since the prior inspection of the apartment complex.[1] The maintenance supervisor photographed the cracks on May 29, 2020, and the photographs were produced on June 12, 2020.

Plaintiff also asserts that on May 31, 2020, a tenant vacated apartment 9108, and during the inspection of the apartment, water damage was discovered. Thus, Plaintiff inspected other apartments and discovered additional water damage. Plaintiff photographed the water damage on June 2 and 3, 2020, and the photographs were produced on June 12, 2020.

Plaintiff, however, admits that "[t]hese are not new issues, but rather a continuation of the damage being suffered by Cross creek that has been placed at issue in this civil action from the beginning . . . ." *See* [473] at 5. Thus, Plaintiff was aware of alleged water intrusion, and its continuing nature, throughout this litigation, and the apartment complex has been within Plaintiff's control at all times during this litigation. Plaintiff does not explain why it was unable to discover these issues prior to the discovery deadline. Plaintiff may have discovered these issues after the discovery deadline, but Plaintiff does not assert that these issues developed after the discovery deadline.

---

[1] Plaintiff does not provide the date of the prior inspection.

4

This action has been pending since May 10, 2018, and Plaintiff was aware of continuing water intrusion.  Yet, Plaintiff does not explain what, if any, efforts it made to inspect the apartment complex before, and in temporal proximity to, the discovery deadline.  Additionally, Plaintiff failed to seek an extension of the discovery deadline or seek leave to submit the supplementations out of time.  Plaintiff has failed to provide a reasonable justification for the late supplementations.

Concerning the importance of the supplementations, Plaintiff argues that the "supplemental evidence is important as it shows that . . . if repairs are not performed, the building will continue to deteriorate . . . ." *See* [473] at 8.  As previously mentioned, however, "[t]hese are not new issues." *Id*. at 5.  Indeed, Plaintiff specifically states as follows: "None of this information evidences any new claims, construction defects, theories of liability or changes in Plaintiff's damage model.  This is merely supplementation of the continuing damage being done to Plaintiff's building due to water intrusion." *Id*. at 7.  The supplementations are "merely further documentation of the continuing deterioration." *Id*. at 2.  Considering Plaintiff's own assertions regarding the supplemental evidence, it does not appear that the evidence is of considerable importance, but is of a cumulative nature.

Turing to the factor of prejudice, Perren Masonry argues that it will be prejudiced if the supplementations are not stricken because, under the current case deadlines, it will not have an opportunity to respond to the new photographic evidence and new expert opinions through additional deposition and/or discovery requests.  On July 8, 2020, the Court continued the trial from a setting beginning October 5, 2020, to a setting beginning February 16, 2021. *See* Order [475].  It is not clear, however, that this continuance would provide sufficient time to cure the prejudice caused by the untimely supplementations, as additional time for discovery and the

supplementation of expert designations would be necessary. Moreover, when other factors support exclusion, the availability of a continuance is not controlling. "Otherwise, the failure to satisfy the rules would never result in exclusion, but only in a continuance." *Hamburger*, 361 F.3d at 883-48; *see also Geiserman v. MacDonald*, 893 F.2d 787, (5th Cir. 1990) ("Moreover, a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders."). Having considered the appropriate factors, the Court finds that the Motion to Strike [455] should be granted.

IT IS, THEREFORE, ORDERED that Defendant Perren Masonry, LLC's Motion to Strike [455] is GRANTED.

SO ORDERED this the 16th day of July, 2020.

                                         s/Michael T. Parker
                                         UNITED STATES MAGISTRATE JUDGE