IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CROSS CREEK MULTIFAMILY, LLC**                                      **PLAINTIFF**

v.                                                         **CIVIL ACTION NO. 2:18-cv-83-KS-MTP**

**ICI CONSTRUCTION, INC. and**
**HARTFORD FIRE INSURANCE COMPANY**                                   **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Strike [487]. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion should be granted.

## BACKGROUND

On May 10, 2018, Plaintiff Cross Creek Multifamily, LLC filed this action against Defendants ICI Constructions, Inc. ("ICI") and its surety, Hartford Fire Insurance Company, asserting multiple claims arising from alleged construction defects in an apartment complex constructed by ICI and owned by Plaintiff. Thereafter, ICI asserted third-party claims against multiple subcontractors that performed work on the apartment complex, including Perren Masonry, LLC; All American Builders, Inc.; Burris Contracting, LLC; RJM McQueen Contracting, Inc.; Warner Construction Co. of MS, LLC; and Kimbel Mechanical Systems, Inc. ICI asserts that the subcontractors are responsible for the alleged defects.

On October 24, 2018, the Court entered a Case Management Order [39], which, *inter alia*, set a May 1, 2019 deadline for Plaintiff's expert designations, a May 31, 2019 deadline for Defendants' expert designations, and an August 15, 2019 discovery deadline. On April 4, 2019, Plaintiff filed a Motion for Extensions [128]. The Court granted the Motion [128], extending

1

Plaintiff's expert designation deadline to May 31, 2019, Defendants' expert designation deadline to July 1, 2019, and the discovery deadline to September 2, 2019. *See* Order [130]. On June 26, 2019, Defendant ICI filed a Motion for Extensions [197], and the Court extended the discovery deadline to September 16, 2019. *See* Order [199].

On August 16, 2019, after more than nine months of discovery, Plaintiff filed a Motion to Amend [253], seeking to add as a defendant Pucciano & Associates, P.C., the architectural firm for the apartment complex. On September 23, 2019, the Court granted the Motion [253]. *See* Order [310]. After Pucciano was added as a defendant, the Court set a January 17, 2020 deadline for Plaintiff's expert designations, a February 28, 2020 deadline for Defendants' expert designations, and a May 1, 2020 discovery deadline. *See* Amended Case Management Order [322]; Order [349].

On June 12, 2020—more than a month after the discovery deadline—Plaintiff served its Eleventh Supplemental Disclosures, and on June 17, 2020, Plaintiff served its Third Supplemental Designation of Expert Witnesses. *See* Notices [416] [450]; Disclosures [455-1]; Designation [455-2]. These disclosures concerned what was said to be newly discovered damage to the complex, including damage caused by water intrusion into the interior of apartment units. Defendant Perren Masonry filed a Motion to Strike [455], arguing that Plaintiff's Eleventh Supplemental Disclosures and Third Supplemental Designation of Expert Witnesses should be stricken as untimely. On July 16, 2020, the Court granted the Motion [455], striking Plaintiff's latest disclosures. *See* Order [478].

On August 24, 2020—nearly four months after the discovery deadline—Defendant ICI served its Third Supplemental Disclosures [486], which included an August 19, 2020 supplemental report from its expert Robert Luke. In his supplemental report, Luke describes the

newly discovered damage to the complex and opines that Plaintiff's failure to make repairs has contributed to the continued deterioration of the complex. On September 14, 2020, Plaintiff filed its Motion to Strike [487] arguing that Luke's supplemental report should be stricken for the same reasons the Court struck Plaintiff's supplemental disclosures.

## ANALYSIS

"A party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Local Rule 26 provides that a "party must make full and complete disclosures as required by Fed. R. Civ. P. 26(a) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order." L.U. Civ. R. 26(a)(2). Defendant ICI's expert designation deadline ran on February 28, 2020. *See* Order [349].

Parties, however, must supplement their disclosures when required under Fed. R. Civ. P. 26(e). Pursuant to the Local Rules, "[a] party is under a duty to supplement disclosures at appropriate intervals under Fed. R. Civ. P. 26(e) and in no event later that the discovery deadline established by the case management order." L.U. Civ. R. 26(a)(5).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To determine whether to exclude evidence which was not properly or timely disclosed, the Court considers the following factors: (1) the explanation for the failure to disclose the evidence; (2) the importance of the evidence; (3) potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure such prejudice. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *City of Hattiesburg v.*

3

*Hercules, Inc.*, 2016 WL 1090610, at *1 (S.D. Miss. Mar. 18, 2016) (citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)).

The Court will first address ICI's explanation for its failure to timely supplement its expert designation. ICI asserts that it first learned of continued deterioration at the complex when Plaintiff served its Eleventh Supplemental Disclosures on June 12, 2020. On July 6, 2020, ICI's expert inspected the complex and, thereafter, drafted his supplemental report. ICI argues that its failure to timely supplement its expert designation is explained by Plaintiff's failure to timely disclose the deterioration.

ICI, however, admits that continued deterioration is not a "new opinion." *See* [489] at 6. ICI points out the during Luke's deposition taken April 23, 2020, he agreed with Plaintiff's expert who opined that the complex would continue to deteriorate unless repairs were made. *Id*. at 3. ICI was aware of alleged water intrusion throughout this litigation. This action has been pending since May 10, 2018, and ICI has been aware that the complex would continue to deteriorate if repairs were not made.

The Court also notes that on July 6, 2020, Defendant ICI and Hartford filed a Motion for Leave to Amend Answer [469], seeking leave to amend their answer to include affirmative defenses, including a defense based on Plaintiff's failure to mitigate its damages. On August 5, 2020, the Court conducted a conference with the parties concerning the Motion [469]. Based upon the record and the parties' assertions made during the conference (which was conducted after Luke's July 6, 2020 inspection of the complex), the Court granted the Motion [469] and explained as follows:

> The record demonstrates—and this Order is based on the understanding—that discovery is complete, that ICI and Hartford do not require any discovery concerning any of their affirmative defenses, and that *ICI and Hartford do not*

4

> *intend to introduce any evidence concerning the affirmative defenses which has not been produced or disclosed in this case previously*.

*See* Order [484] (emphasis added). The Court finds that ICI has failed to provide a reasonable justification for the late supplementation.

Concerning the importance of the supplementation, the Court notes that Luke's supplemental opinion is not necessary to address Plaintiff's supplemental disclosures concerning newly discovered damage to the complex because the Court struck those disclosures. ICI argues that the report incorporates Luke's complete knowledge of the complex's condition and that, without its use, Luke will be forced to recommend a scope of repairs that will not remedy the damage at the complex. Continuing deterioration, however, is not a new issue, and Luke has previously testified that without repairs the complex will continue to deteriorate. *See* [489] at 6. Like Plaintiff's untimely supplemental disclosures, Luke's supplemental report provides updated, specific information concerning deterioration, but also like Plaintiff's untimely supplemental disclosures, the report does not appear to be critically important.[1]

Turning to the factor of prejudice, Plaintiff argues that its inability to conduct discovery on the supplemental report would cause prejudice. Plaintiff also argues that it would be prejudiced by the fact that it cannot use its own supplemental disclosures concerning newly discovered damage to the complex. The Court finds that Plaintiff would suffer prejudice if ICI were allowed to utilize Luke's supplemental report. A continuance would mitigate the prejudice

---

[1] In its Response [489], ICI focuses on the importance of Luke's opinions concerning the amount of damages and the repairs needed, but ICI does not specifically address the importance of Luke's opinion concerning Plaintiff's failure to mitigate. The parties disagree on whether Luke previously provided an opinion on Plaintiff's failure to mitigate. *See* [490] at 3. Whether the information is new or culminative would impact the importance of the information. Even if the information is new, however, the Court finds that, considering all the factors, the Motion to Strike [487] should be granted.

suffered by Plaintiff, but the record does not support a continuance.  When other factors support exclusion, the Court is not obligated to continue the trial setting.  "Otherwise the failure to satisfy the rules would never result in exclusion, but only in a continuance." *Hamburger*, 361 F.3d at 883-48; *see also Geiserman v. MacDonald*, 893 F.2d 787, (5th Cir. 1990) ("Moreover, a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders.").  And, after a very long discovery period of more than 18 months, the parties have been provided an excessive amount of time to prepare their positions.  Having considered the appropriate factors, the Court finds that the Motion to Strike [487] should be granted.

      IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Strike [487] is GRANTED.

      SO ORDERED this the 8th day of October, 2020.

                                      s/Michael T. Parker
                                      UNITED STATES MAGISTRATE JUDGE