IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CROSS CREEK MULTIFAMILY, LLC**                                              **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 2:18-cv-83-KS-MTP**

**ICI CONSTRUCTION, INC., HARTFORD**
**FIRE INSURANCE COMPANY,**
**and PUCCIANO & ASSOCIATES, P.C.**                              **DEFENDANTS**

**ICI CONSTRUCTION, INC.**                              **THIRD-PARTY PLAINTIFF**

**V.**

**ALL AMERICAN BUILDERS, INC.;**
**BURRIS CONTRACTING, LLC;**
**PERREN MASONRY, LLC; WARNER**
**CONSTRUCTION CO. OF MS, LLC and**
**KIMBEL MECHANICAL SYSTEMS, INC.**                              **THIRD-PARTY DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This cause came before the Court on Perren Masonry, LLC's Motion to Exclude Expert Testimony of Kelli Murbach [379].[1] The motion is fully briefed and ripe for ruling. Having reviewed the parties' submissions, the record in this matter, and the relevant legal authorities, and otherwise being duly advised in the premises, the Court finds that the motion is not well taken and will be denied.

**I. BACKGROUND**

This lawsuit involves the construction of an apartment complex owned by Cross Creek Multifamily, LLC known as "Cross Creek Village" located in Hattiesburg, Mississippi (the "Project"), in which the Defendant, ICI Construction, Inc. ("ICI") served as the general contractor and Pucciano & Associates, P.C. ("Pucciano") served as the architect. Cross Creek

---

[1] Warner Construction Co. of MS, LLC joined in the motion. [410].

brought this action, alleging various construction and design defects and naming ICI and Pucciano as Defendants. ICI later brought third-party claims against several of the subcontractors on the Project, one of which is Perren Masonry, LLC ("Perren"), who was the masonry subcontractor for the Project.

Cross Creek and Pucciano both designated Kelli Murbach ("Murbach") of Browder & LeGuizamon and Associates, Inc. to testify as an expert in this matter. [379-1]; [379-2]. Murbach was designated as an expert on the subject matter of "structural engineering," having served as the structural engineer for the project, according to the parties' disclosures. *Id*. Murbach conducted periodic inspections during the course of construction and conducted a site inspection on November 9, 2017, which culminated in a report dated November 17, 2017 signed by both Murbach and Sergio LeGuizamon, P.E., a licensed engineer in the State of Mississippi.[2]

In her deposition, Murbach testified that she holds a bachelor's degree in civil engineering from Case Western Reserve University [379-3] at p. 9. She has worked for multiple civil engineering firms specializing in bridge construction, and eventually went to work for Browder & LeGuizamon, specializing in wood construction, where she worked for eighteen (18) years. *Id*. at pp. 9-10. During her tenure at Browder & LeGuizamon she worked exclusively on designing structural engineering components of wood frame construction projects for approximately 250 multi-family apartment complexes, like the Cross Creek project. *Id*. at pp. 10, 15. However, Murbach is not a licensed engineer in Mississippi or in any state, and she did not obtain a limited license to provide testimony in this matter. *Id*. at p. 14. In her deposition, as well as in the November 17, 2017 report, Murbach addressed various observations, opinions, conclusions and recommendations related to the construction defects at Cross Creek Apartments.

---

[2] Although signed by Ms. Murbach and Mr. LeGuizamon, the letter report appears to have been authored by Mr. LeGuizamon because Ms. Murbach is referred to in third person and the closing remarks are written in first person plural.

Perren Masonry now moves to exclude the testimony of Murbach solely on the grounds that she is not competent to testify on the subject of structural engineering pursuant to Federal Rule of Evidence 601 and Mississippi Code Annotated §73-13-3.

**II. DISCUSSION**

While the admissibility of expert testimony is governed by Federal Rule of Evidence 702, Perren Masonry does not posit that Murbach fails to meet either the rigors of Rule 702 or an analysis under the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Again, the sole issue here is competency as addressed in Rule 601,[3] which provides: "Every person is competent to be a witness unless these rules provide otherwise. But in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision."

Perren Masonry contends that the state law governing the licensure of engineers provides the state law governing competency, specifically, Miss. Code Ann. § 73-13-1 *et seq.*, or "The Mississippi Engineering Practices Act" ("MEPA"). Section 73-13-3 provides that the term "engineer" shall mean a "professional engineer," which is defined therein as "a person who has met the qualifications as required under Section 73-13-23(1) and who has been issued a certificate of registration as a professional engineer." Miss. Code Ann. § 73-13-3. The term "practice of engineering" includes "expert technical testimony." *Id*. In other words, one must be licensed to practice engineering; therefore, one must be licensed to provide expert technical testimony. In addition, the Rules and Regulations of the Mississippi Board of Licensure for Professional Engineers and Surveyors ("Rules and Regulations") contain a Chapter 4 that

---

[3] While not being mutually exclusive, the distinction between the two is well explained in *Legg v. Chopra*, a case in which the court concluded that Rule 601 deals with the witness's competency, which makes it substantive and Rule 702 is a measure of qualification, which is a procedural issue. 286 F.3d 286, 291 (6th Cir. 2002).

3

addresses "Comity Licensure," which provides engineers licensed in another state must obtain limited licensure in Mississippi to provide expert testimony in the field of engineering.

Based on Perren Masonry's arguments, the legal question to be answered is: does the fact that Murbach is not a licensed professional engineer or have a limited license to testify deem her incompetent to testify in this matter? The Court finds that the answer is no.

We start with the language of Rule 601: "state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision." Because this is a diversity action, state law will supply the rule of decision on the claims in this case. As such, we turn to the issue of whether state law, in this case MEPA, deems Murbach incompetent to testify. The Court finds that it does not for the simple reason that MEPA does not contain any provisions addressing a witness's competency to testify, and as such, is not a "competency statute."

Again, Rule 601 provides that that in cases where state law supplies the rule of decision, state law governing the competency of witnesses applies—not just *any* state law applies, but that which governs the competency of witnesses. Perren Masonry relies on MEPA to supply that law, but the fundamental question is whether MEPA even governs the competency of witnesses. This Court finds that it does not first because Mississippi law regarding competency to testify in general provides that "all witnesses are deemed competent" except for two exceptions that are not applicable here. *See* Miss. R. Evid. 601(a).[4]

Second, while one might be required to be licensed to provide expert technical testimony, nowhere in MEPA does it suggest that to not be licensed renders one incompetent to testify.[5] Rather, MEPA itself states only that "it shall be unlawful" for a person to practice engineering,

---

[4] Sections (b) and (c) address the competency of a spouse to testify against the other and the competency of an appraiser in an eminent domain case, respectively. *See* Miss. R. Evid. 601(b), (c).
[5] The only mention of *competence* appears to be in the Rules and Regulations of the Board of Licensure, which defines "incompetency" as "the practice of engineering or surveying by a licensee who is either incapable of exercising ordinary care and diligence or who lacks the ability and skill necessary to properly perform the duties undertaken." This does not address testimony in a legal proceeding.

4

*i.e.*, provide expert testimony, in Mississippi "unless such person has been duly licensed." Miss. Code. Ann. § 73-13-1. Moreover, the stated purpose of MEPA has nothing to do with witness competency; the requirement that engineers be licensed is "to safeguard life, health, and property, and to promote the public welfare." *Id.* Given this purpose for licensure, the fact that criminal[6] penalties may ensue for failing to comply with MEPA has nothing to do with whether an expert is competent to testify. *Cf. Tellus Operating Group, LLC v. Tex. Petroleum Inv. Co.*, 105 So. 3d 274, 278 (Miss. 2012) (holding on an issue of first impression that the criminalization of expert testimony without a license has no bearing on whether an expert is qualified under Mississippi's Rule 702 that governs admissibility of expert testimony);[7] *see also Biloxi Yacht Club v. Grand Casinos of Miss., Inc.—Biloxi*, No. 1:07-cv-888, 2009 WL 10676951 (S.D. Miss. Feb. 23, 2009) (noting that when anticipated expert testimony constitutes the unlicensed practice of engineering, then that is between the expert and the Mississippi Board of Engineering).

As the Fifth Circuit has noted, the Federal Rules of Evidence do not define "competency," but commentators have stated that "[c]ompetency under Rule 601 may be defined as the presence of those characteristics that qualify and the absence of those disabilities that disqualify a person from testifying." *Coleman v. United States*, 912 F.3d 824, 831 (5th Cir. 2019) (quoting 27 Charles Wright & Victor Gold, FEDERAL PRACTICE & PROCEDURE § 6003 (2d ed. 2007)). Also, "[i]n the law of evidence, the presence of those characteristics, or the absence of

---

[6] It is a misdemeanor to practice without a license, and the violator is subject to a fine. *See* Miss. Code Ann. § 73-13-39.

[7] Although the Mississippi Supreme Court was presented the issue as *qualification*, this Court finds the opinion in *Tellus* controlling for reasons addressed later. *See infra*, p.6. This is not the first time the Court has cited *Tellus* when addressing an unlicensed engineer's competency to testify. *See John C. Nelson Constr., LLC v. Britt, Peters and Assocs., Inc.*, No. 2:18-cv-222, 2020 WL 2027218 (S.D. Miss. Apr. 27, 2020). In that case, the Court provided little analysis as the issue was moot because the expert was indeed licensed in Mississippi. *Id.* at *5. However, because the motion was brought under Rule 702, under the analysis that was provided, the Court found that admissibility under Rule 702 is not a competency question, and the only concern was whether the testimony was admissible under Rule 702. *Id.* The Court noted the *Tellus* case and agreed with decisions in *Lobell v. Grand Casinos of Miss., Inc. -Biloxi*, 2010 WL 4553565 (S. D. Miss. Nov. 3, 2010) and *Biloxi Yacht Club, Inc. v. Grand Casinos of Miss., Inc. -Biloxi*, 2009 WL 10676951 (S.D. Miss. Feb. 23, 2009). *Id.* Because Rule 601's application is now squarely before the Court, more analysis is warranted, but it does not negate, nor would it change, this Court's prior ruling.

those disabilities, which render a witness legally fit and qualified to give testimony in a court of justice . . ." *See id*. (quoting Black's Law Dictionary (5th ed. 1979)). If that be the definition, the Mississippi Supreme Court has determined that the MEPA does not disqualify an engineer unlicensed in Mississippi from providing testimony. *See Tellus*, 105 So. 3d at 277.

In *Tellus*, the Mississippi Supreme Court acknowledged that it has consistently held that a witness may be qualified to provide expert testimony regardless of his or her professional licensure status. *Id.* at 278.[8] As this Court noted above, there are no provisions in the MEPA that deem a witness incompetent or unqualified—it only makes practicing without a license unlawful. The court in Tellus stated, "the statutory prohibition against an engineer's providing 'expert technical testimony' without a Mississippi license has no bearing on whether a witness is otherwise qualified as an expert under Mississippi rule of Evidence 702." *Id*. at 279. The court goes on to state that the explicit objective of MEPA in requiring a license "to safeguard life, health, and property, and to promote the public welfare," "is not furthered by restricting evidence in a judicial proceeding between private parties." *Id*. Therefore, the Court finds that, under Mississippi law, Mulbach is not deemed incompetent to testify.

Finally, with regard to the *Tellus* decision, even though it appears the engineers in that case may have been licensed elsewhere but not in Mississippi whereas Murbach is not licensed at all, the Court finds such a distinction irrelevant. The court in *Tellus* did not review the Rules and Regulations addressing comity licensure but specifically the provisions in MEPA. Thus, the ruling makes clear that MEPA is not a competency statute regardless of whether the engineer is a Mississippi local or from out of state. The court deemed it a criminal statute—not a competency statute and not a disqualification statute.

---

[8] Despite arguing that Rule 601 is satisfied by insuring that "no state law statutorily disqualifies an expert from testifying," *see* [467] at p. 3, and that MEPA indeed disqualifies Murbach, Perren Masonry fails to even address the *Tellus* decision.

6

In addition to the points made above, MEPA is clearly not a "competency statute" when viewed against statutes in the field of medical malpractice that have been addressed under Rule 601. For example, in its memorandum, Perren Masonry cites to both *Coleman v. United States*, 912 F.3d 824, 826 (5th Cir. 2019), and *Legg v. Chopra*, *supra* n. 3, both cases involving medical malpractice claims, which require expert testimony. [380] at pp. 11, 13. Perren Masonry attempts to equate MEPA as a competency statute with the statutory provisions at issue in those cases, but this Court sees it quite differently.

The *Coleman* case is not helpful because Fifth Circuit law is not necessarily Mississippi law, and the issue here is *state law regarding competency*. In *Coleman*, the appellate court was not reviewing Mississippi law. At issue was a Texas statute that required medical experts in malpractice lawsuits to be "practicing medicine." 912 F. 3d at 828-829. Also, the statute at issue was worded quite differently from MEPA, specifically stating:

> (a) In a suit involving a health care liability claim against a physician for injury to or death of a patient, a person may qualify as an expert witness on the issue of whether the physician departed from accepted standards of medical care only if the person is a physician who:
> (1) is practicing medicine at the time such testimony is given or was practicing medicine at the time the claim arose . . .

*Id*. at 829 (quoting Tex. Civ. Prac. & Rem. Code §74.401(a)(1)).

While the Fifth Circuit determined that Rule 601 required the Court to review state witness requirements, which this Court has done, there are no similar specific provisions under MEPA. There is no clear prohibition—the statute merely makes testifying "unlawful." Should the Fifth Circuit review MEPA, particularly in light of the *Tellus* decision, this Court feels confident that the Fifth Circuit will reach the same result as this Court has.

Similarly in *Chopra*, the statute at issue is quite different from the wording in MEPA. In fact, the statute in *Chopra* is quite specific and is readily applicable under rule 601. At issue was

7

a Tennessee statute that provided: "No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a), unless the person was licensed to practice in the state . . . This rule shall apply to expert witnesses testifying for the defendant as rebuttal witnesses." 286 F.3d at 291. Again, there is nothing like this provision in MEPA. Also, the statute in *Chopra*, as well as the one in *Coleman*, deal with testimony regarding the standard of care. While there may be no distinction, for what it is worth, Murbach is not testifying as to such. The bottom line is there is no question that Rule 601 requires that this Court use state law to determine competency, but the cases upon which Perren Masonry relies are not helpful as to what Mississippi law is on the matter.

For the reasons set forth herein, the Court finds that MEPA does not govern competency of witnesses nor otherwise preclude an unlicensed engineer from testifying, and to the extent other courts in this district have ruled that an unlicensed engineer is to be deemed incompetent, this Court disagrees. The Court is well aware that a contrary decision was reached in *Bossier v. State Farm Fire & Cas. Co.*, No. 1:08-cv-408, 2009 WL 4061501 (Nov. 20, 2009). However, that decision is not binding upon this Court, and just as it did in *Riley v. Ford Motor Company*, No. 2:09-cv-148, 2011 WL 13079483 (S.D. Miss. July 26, 2011), this Court continues to respectfully disagree with Judge Senter's ruling in *Bossier*,[9] but this time for different reasons. First, the court in *Bossier* never explained how MEPA addressed the *competency* of a witness. Second, the court's finding that the lack of certification "disqualified him from giving expert testimony concerning engineering issues" predated the Mississippi Supreme Court's case in *Tellus*. *Id*. at *6.

---

[9] The Court, however, does agree with Judge Senter's finding that Rule 702 does not displace Rule 601 and that an expert must be both qualified under Rule 702 and competent under state law pursuant to Rule 601. 2009 WL 4061501 at *6.

8

Perren Masonry argues that this Court is bound by Fifth Circuit precedent because *Aiken v. Rimkus*, 333 Fed. App'x 806 (5th Cir. 2009) determined that professional licensure is the standard for competency of an expert proffered to testify on specific engineering issues. [467] at p. 2. That, however, was not the court's holding. In *Aiken*, the district court first ruled on a motion in limine which allowed an expert to testify only generally about the standard of care. 333 Fed. App'x at 813. At trial, when the witness was on the stand, the district court restated its earlier ruling and explained that the expert could testify generally about the standard of care but could not answer questions about his engineering work because he was not a licensed engineer. *Id.* The issue on appeal was whether it was manifest error to allow an engineer unlicensed in the state to testify generally about the standard of care but not be allowed to ask questions about his engineering work. *Id.* The Fifth Circuit found that because the district court's rulings were consistent and the appellants were allowed to present testimony on the standard of care, the district court's ruling was not manifestly erroneous. *Id.* The Fifth Circuit never addressed Rule 601 or competency or even MEPA. Therefore, the *Aiken* case provides no binding precedent to be followed.

This Court continues to agree with Judge Guirola's rulings whether an unlicensed engineer is competent to testify. In *Lobell v. Grand Casinos*, Judge Guirola also declined to follow *Bossier*, instead noting that there was no binding Fifth Circuit opinion specifically holding that an expert must be licensed in order to provide engineering opinions under Mississippi law. 2010 WL 4553563 at *1. Likewise, the court noted that while Rule 601 provides that Mississippi law applies to the issue of whether a witness is competent to testify, "the Mississippi courts have never held that an unlicensed engineer is not competent to give expert testimony or is otherwise prohibited from giving such testimony." *Id*. at *2. That is still true today. In fact, *Tellus* has ruled just the opposite. Lack of licensure does not disqualify a witness.

## III. CONCLUSION

For the reasons set forth herein, it is hereby ORDERED that Perren Masonry, LLC's Motion to Exclude Expert Testimony of Kelli Murbach [379] is DENIED.

SO ORDERED AND ADJUDGED this 9th day of December 2020.

    /s/ Keith Starrett_____
    KEITH STARRETT
    UNITED STATES DISTRICT JUDGE