# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CROSS CREEK MULTIFAMILY, LLC**                                              **PLAINTIFF**

**V.S.**                                                    **CAUSE NO. 2:18-CV 83-KS-MTP**

**ICI CONSTRUCTION, INC.,**
**HARTFORD FIRE INSURANCE COMPANY**                              **DEFENDANTS**
**and PUCCIANO & ASSOCIATES, P.C.**

**ICI CONSTRUCTION, INC.**                                   **THIRD-PARTY PLAINITFF**

**V.S.**

**ALL AMERICAN BUILDERS, INC.;**
**BURRIS CONTRACTING, LLC;**
**PERREN MASONRY, LLC**
**RJM MCQUEEN CONTRACTING, INC.;**
**WARNER CONSTRUCTION CO. OF MS, LLC;**
**AND KIMBEL MECHANICAL**
**SYSTEMS, INC.**                                            **THIRD-PARTY DEFENDANTS**

## MOTION TO RECONSIDER DENIAL FOR LEAVE OF COURT

**COMES NOW**, Defendant, Perren Masonry, LLC and files this its Motion for Reconsideration of the Court's Order Denying its Motion for Leave of Court for its insurer's representative to attend the Pre-Trial Conference scheduled for October 5, 2021 at 9:30 a.m. via telephone or through digital means due to corporate travel restrictions related to the COVID-19 pandemic. *See* [Docs. 563 & 564]  In support of said Motion, Perren Masonry would show as follows, to-wit:

    1.    On or around September 7, 2021, Third-Party Defendant, Perren Masonry, LLC (Perren), filed its Motion for Leave of Court to allow its insurance adjuster to attend the Court's currently scheduled October 5, 2021, Pre-Trial Conference via telephone, citing to said adjuster's company's COVID-19 travel restrictions.  *See* [Doc. 563]

2. The Court denied Perren's Motion, without prejudice, on September 8, 2021. *See* [Doc. 563] In its order, the Court cited a number deficiencies that it found with Perren's Motion, and request, to include (1) as statement as to whether the motion was opposed; (2) a statement as to whether allowing Perren's adjuster to attend remotely was warranted; (3) the identity of the insurance company involved; (4) a statement as to where the adjuster is located and (5) an affidavit outlining the travel restrictions confronted by Perren's adjuster.

3. Rule 59(e) of the Federal Rules of Civil Procedure only provides that, "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). Reconsideration is properly granted to correct clear error, prevent manifest injustice, or review the Court's decision in light of availability of new evidence. *DiPasquale v. Milin*, 303 F. Supp. 2d 430, 2004 U.S. Dist. LEXIS 1425 (S.D.N.Y. 2004).

4. As set forth in more particular detail herein attached, Perren's insurer, is Middlesex Insurance Company, which is wholly owned by Sentry Insurance Company (Sentry), which as of the filing of this motion, still restricts, limits or strongly discourages its employees travel, nationally, as a result of the COVID-19 Pandemic. *See* Affidavit of Josh Baum, a true and correct copy of which is attached hereto as **Exhibit "A"** and is incorporated herein by reference.

5. At the present time, all of Sentry's employees, including, the Claims Specialist assigned to the defense of Perren, Mr. Josh Baum, continue to work at home, remotely and are not expected to or permitted to fully return to their offices until at least November 2021. *See* **Exhibit "A"**.

6. Mr. Baum currently resides in Bancroft, Portage County, Wisconsin. In

order for him to travel to Hattiesburg, Mississippi, he will be required to traverse six (6) airports while traveling on six (6) different planes as there are no direct flights from Central Wisconsin Airport (CWA) to any airport in Mississippi. The travel time from Central Wisconsin Airport (CWA) to Jackson, Mississippi is at least 12 hours. *See* **Exhibit "A"**.

7. Upon Mr. Baum's return from Hattiesburg to his home in Bancroft, he would be subjecting his family, which includes a young child, to COVID-19, to which he will most certainly be exposed during these travels. Mr. Baum's young child is unable to be vaccinated, due to age. *See* **Exhibit "A"**.

8. Mr. Baum is ready, willing and able to actively, and fully participate in settlement discussions prior to, and during, the scheduled Pre-Trial Conference, either virtually or by telephone, as he has been able to do in dozens of mediations and court-ordered settlement conferences over the past year or more, since the advent of the pandemic. *See* **Exhibit "A"**.

9. Furthermore, as there are potential coverage issues involved in this case, and as Sentry has issued a reservation of rights letter to its insured, present at the Pre-Trial Conference will be coverage counsel and, upon information and belief, *Moeller* counsel. For the purposes of the Pre-Trial Conference, coverage counsel will have total control of settlement authority. Therefore, all of Perren's interests, as they relate to its defense in this case and settlement, will be roundly and well represented, and Mr. Baum's proposed mode of participation, remotely, will not hinder, delay or otherwise frustrate Perren's ability to participate in the settlement portion of the Pre-Trial Conference.

10. Pursuant to L.R.Civ.R 7(b)(10), the undersigned counsel has conferred with counsel for the remaining parties in this case and based upon the responses garnered, this

motion is not objected to by any of the parties. *See* E-Mail dated September 17, 2021, a true and correct copy of which is attached hereto as **Exhibit "B"** and is incorporated herein by reference.

11. Due to the straightforward nature of this motion and the relief requested herein, Perren respectfully requests that the Court waive any requirement of a corresponding Memorandum of Law to accompany this motion.

**WHEREFORE, PREMISES CONSIDERED**, Perren Masonry respectfully requests that the Court reconsider is earlier Order [Doc. 564], and enter an Order allowing Perren Masonry, LLC's insurer's "representative with settlement authority", Mr. Josh Baum of Sentry Insurance, to be allowed to attend the Pre-Trial Conference either telephonically or digitally.

**FURTHERMOR**, Perren Masonry respectfully request that this Court grant unto it any and all other relief that it deems just and equitable in the premises.

**RESPECTFULLY SUBMITTED**, this the 20th day of September, 2021.

                **PERREN MASONRY, LLC**

                By:   */s/ Clyde X. Copeland, III*
                        CLYDE X. COPELAND, III, MSB #10322

OF COUNSEL:

CLYDE X. COPELAND, III, MSB #10322
MATTHEW W. VANDERLOO, MSB #101677
JERNIGAN COPELAND ATTORNEYS, PLLC
970 Ebenezer Boulevard (39110)
Post Office Box 2249
Madison, Mississippi 39130
Phone: (601) 427-0021
Fax: (601) 427-0051
ccopeland@jcalawfirm.com
mvanderloo@jcalawfirm.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have this day served the foregoing document to all counsel of record *via* the ECF filing system.

This, the 20th day of September, 2021.

*/s/ Clyde X. Copeland, III*
CLYDE X. COPELAND, III