IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CROSS CREEK MULTIFAMILY, LLC**                                                              **PLAINTIFF**

**V.**                                                              **CIVIL ACTION NO. 2:18-cv-83-KS-MTP**

**ICI CONSTRUCTION, INC., HARTFORD
FIRE INSURANCE COMPANY,
and PUCCIANO & ASSOCIATES, P.C.**                                           **DEFENDANTS**

**ICI CONSTRUCTION, INC.**                                          **THIRD-PARTY PLAINTIFF**

**V.**

**ALL AMERICAN BUILDERS, INC.;
BURRIS CONTRACTING, LLC;
PERREN MASONRY, LLC; WARNER
CONSTRUCTION CO. OF MS, LLC and
KIMBEL MECHANICAL SYSTEMS, INC.**                           **THIRD-PARTY DEFENDANTS**

## ORDER

This cause comes before the Court on ICI Construction Inc. & Hartford Fire Insurance Company's Motion in Limine [569]. Plaintiff has responded [572], and for the reasons stated herein, the Court finds that the motion will be denied.

The Court has appointed an expert in this case, Mr. Josh Bhate, as set forth in the Court's prior Order. [553]. Mr. Bhate has investigated the building envelope issues at the subject project, issued a report, and been deposed. The parties anticipate that Mr. Bhate will also be called to testify in the trial of this matter. ICI and Hartford now request, to avoid the likelihood of prejudicial evidence or statements, that the Court refrain from disclosing to the jury that Mr. Josh Bhate has been appointed by the Court.

On February 2, 202, the Court entered Order to Show Cause as to why an expert should not be appointed in this matter. [538]. In that Order, the Court stated, "Pursuant to Rule 706(d),

the Court will disclose to the jury that the Court appointed the expert if, in fact, one or more is appointed and testifies." *Id*. The parties were given fifteen (15) days to object to the Order to Show Cause. No one objected to the Court's intention to disclosure to the jury that the expert was appointed by the Court. Plaintiff argues in its response that ICI and Hartford are judicially estopped from seeking such relief at this time because ICI and Hartford voiced no objection during the fifteen days following the Court's Order to Show Cause. The Court agrees.

"The doctrine of judicial estoppel prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993). In response to the Order to Show Cause, ICI and Hartford joined into a Response to the Order to Show Cause filed by Pucciano & Associates, P.C., which affirmatively stated, "Respondents do not oppose the Court appointing an expert witness(es) as described in the Order." [543]. By raising no objection at that time and agreeing that the Court may appoint an expert *as described in the Order*, ICI and Hartford agreed to the Court's disclosure to the jury and are now hereby estopped from taking a contrary position. The Court finds that the purpose of the doctrine of judicial estoppel is well served here in that it "prohibits parties from deliberately changing positions based upon the exigencies of the moment." *McCaskey*, 9 F.3d at 378. The Court stated its intent to disclose; it has the discretion to disclose; and it will be disclosed at trial. Therefore, the motion will be denied.

Notwithstanding this ruling, the Court appreciates the apprehension of the parties that disclosing Mr. Bhate as a court appointed witness may raise some prejudicial assumptions. In that regard, the parties may rest assured that the Court will be issuing a limiting instruction at the appropriate time. The Court intends to advise the jury of the weight to be given his testimony and caution against giving his testimony any more or less credibility than any other witness. The Court

will submit a proposed instruction to the parties prior to the trial and allow for objections/corrections/revisions until we arrive at a fully agreeable limiting instruction.

    THEREFORE it is hereby ORDERED that ICI Construction Inc. & Hartford Fire Insurance Company's Motion in Limine [569] is DENIED.

    SO ORDERED AND ADJUDGED this 27th day of September 2021.

    /s/ Keith Starrett
    KEITH STARRETT
    UNITED STATES DISTRICT JUDGE